UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

JERMAINE ALI WILSON,[1]  )
)
    Movant,  )
)
v.  )  Case No.  CV605-120
)                CR603-018
UNITED STATES OF AMERICA,  )
)
    Respondent.  )

## REPORT AND RECOMMENDATION

Jermaine Ali Wilson moves to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 41.) This is Wilson's second § 2255 motion attacking the same 2003 conviction for conspiring to distribute and attempting to possess crack and powder cocaine. *See Wilson v. United States*, No. CV605-120, docs. 4 &7 (S.D. Ga. Oct. 16, 2006) (order denying Wilson's first § 2255 motion).

Under 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application permitted by [§ 2255] is filed in the district court, the

---

[1] In his motion, he lists his name as both "Jamaine" and "Jermaine." (Doc. 41 at 1, 4.) In his brief, he goes by "Jamie." (Doc. 41-1 at 7.) The Court will use the name on the docket sheet, "Jermaine."

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). This provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original); *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997) (a district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

Because Wilson has already filed a motion under § 2255 and has failed to provide certification from the Eleventh Circuit authorizing this Court to consider his new § 2255 motion, the Court is without

jurisdiction to consider it. Accordingly, the motion should be **DISMISSED** as successive.[2]

**SO REPORTED AND RECOMMENDED** this __7th__ day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[2] Wilson argues that this is not second or successive because he is simply restating the same claims he already raised, only with new legal precedent. (Doc. 41-1 at 5-6.) He is mistaken. He still attacks the same judgment. His cases are inapposite. They show that where a movant has been *granted* § 2255 relief, a new motion raising claims arising after the *grant* of relief are not second or successive. Those cases have no application here, since Wilson's fist motion was denied.

3