UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JERMAINE ALI WILSON,

Movant,

v.                         6:05-cv-120

UNITED STATES OF AMERICA,

Respondent.

# ORDER

## I. INTRODUCTION

Wilson moves to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. *See* Doc. 41. Because this is Wilson's second § 2255 motion attacking the same 2003 conviction for conspiring to distribute and attempting to possess crack and powder cocaine, *see* Docs. 4, 7, and he failed to secure the Eleventh Circuit's permission to file such a motion, the Court dismissed the petition. *See* Docs. 42, 44, 46.

The Court construes Wilson's notice of appeal as a request for a Certificate of Appealability ("COA"). *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

## II. ANALYSIS

### A. Certificate of Appealability

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336. Wilson "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

It is not debatable that Wilson's habeas petition was procedurally barred as a successive habeas petition. *See* 28 U.S.C. § 2255(h); *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008).

### B. *In Forma Pauperis*

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim

is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Wilson's claims are frivolous and his appeal is not taken in good faith.

His implied COA motion, *see* Doc. 51, is ***DENIED***, and he is not permitted to appeal *in forma pauperis*.

This 21st day of June 2011.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA