# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JERMAINE ALI WILSON | ) | INDICTMENT NO. CR603-00018-002 |
| aka "Lambino" | | |

## ORDER

On April 19, 2012, Defendant filed a "Motion to Correct Sentence Pursuant to 18 U.S.C. § 3582."

On October 6, 2003, Defendant was convicted by a jury of two counts of a superseding indictment charging him with conspiring to possess with intent to distribute and to distribute 50 grams or more of crack cocaine and a quantity of cocaine hydrochloride, and attempt to possess with intent to distribute approximately 1 kilogram of cocaine hydrochloride. Because the Government filed a 21 U.S.C. § 851 sentence enhancement notice on the basis of Defendant's prior convictions, a statutorily mandated sentence of life imprisonment applied. On January 22, 2004, the Court sentenced Defendant to life imprisonment.

In his motion, Defendant asks the Court to "correct" his sentence "pursuant to 18 U.S.C. § 3582" upon the arguments that the Government violated his due process rights, filed a fraudulent indictment, and misrepresented the facts of the case to the trial jury and the Court. He also asserts that the Court failed to give "cautionary jury instructions" to the trial jury, and that his counsel was constitutionally ineffective for failing to bring these violations to the Court's attention.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also 18 U.S.C. §

3582(c). Further, the time limit for any correction of the sentence due to "arithmetical, technical, or other clear error," has long passed. Fed. R. Crim. P. 35(a). The only statutory provision allowing for the modification of a sentence that could apply to Defendant, although he makes no specific argument for it in the body of his Motion, is that of § 3582(c)(2), which allows the Court to consider reducing Defendant's sentence based on Amendment 750 to U.S.S.G. § 2D1.1. Although Defendant does not make this argument in his Motion, said Motion is made "pursuant to 18 U.S.C. § 3582." Even so, the Court's evaluation of Defendant's guideline calculations makes plain that Amendment 750 does not have the effect of lowering Defendant's applicable guideline range because of the operation of the mandatory statutory provisions; therefore, a reduction under § 3582(c)(2) is not authorized.

Given Defendant's argument in support of his motion, it appears that his motion actually arises under 18 U.S.C. § 2255, rather than 18 U.S.C. § 3582, and the Court will liberally construe it as such. The Court notes that Defendant has previously filed a § 2255 motion. See Wilson v. United States, No. CV603-010 (S.D. Ga.). Since his current motion is a second or successive § 2255 motion, Defendant must first obtain permission from the Eleventh Circuit authorizing this Court to consider his motion. Defendant has not obtained this authorization, so the Court lacks jurisdiction to consider his current motion. United States v. Holt, 417 F.3d at 1175 (11th Cir. 2005).

Defendant's Motion is **DENIED**.

**SO ORDERED**, this __12__ day of June, 2012.

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia